Aksana M. Coone, Esq. (SBN 190125)
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9650
Facsimile: (310) 954-9008
Email: aksana@coonelaw.com

Attorneys for Plaintiff,
ANA F. REYES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA F. REYES<br><br>   Plaintiff,<br><br>Vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>   Defendant. | Case No.:   **2:20-cv-4099**<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

   COMES NOW the plaintiff, ANA F. REYES (hereinafter "Plaintiff") and for a cause of action against defendant, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.   This is an action for damages for personal injuries suffered while Plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters. Jurisdiction is vested in this Court under 28 U.S.C. § 1333 and the general maritime law of the United States.  Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant PRINCESS CRUISE LINES, LTD. is a foreign corporation with its principal place of business in Los Angeles County, California and based on the forum selection clause in the terms of Defendant's

passage contract requiring that all disputes "shall be litigated before the United States District Courts for the Central District of California in Los Angeles."

## THE PARTIES

2. Plaintiff is a resident of the State of California.

3. At all times herein material, Defendant PRINCESS CRUISE LINES, LTD., (hereinafter "Defendant") was a corporation doing business in, and with its principal place of business in the County of Los Angeles.

4. At all times herein material, Defendant is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Los Angeles, California.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Negligence-General Maritime Law)

5. On or about February 5, 2019 and at all times herein material, Defendant owned, managed, operated, maintained, supervised, inspected and/or controlled the ocean-going passenger vessel known as *Diamond Princess* ("Vessel") which was, at all times herein material, operating on navigable waters and the high seas.

6. As the owner and operator of the Vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to them by reasonable inspection.

7. On or about the above-mentioned date, Plaintiff while a fare paying passenger aboard the Vessel, walked from Prego Pizzeria on Lido Deck 14, heading back to her stateroom through the nearby port side automatic double doors. As Plaintiff passed through the double doors, the automatic doors closed prematurely and struck her on the back, pushing her forward and causing her to fall, strike her head, injure her right knee and leg and sustain serious bodily injuries.

8. On or about the above-mentioned date, Defendant breached its duty of care to Plaintiff, and as part of a continuous course of conduct, so negligently owned, operated, maintained, controlled, supervised and inspected the vessel, its gear and equipment, in a dangerous, unsafe, and defective condition; including the automatic doors and allowed them to malfunction by negligent control, maintenance, and usage, among other defects, including the failure of the door sensors that were intended and expected to keep the doors open for Plaintiff and were dangerously calibrated to close at a speed that was dangerous and unsafe for normal use by passengers, and failed to properly train and supervise Defendant's employees and agents, and failed to warn Plaintiff of a dangerous condition existing at the area of the port side doorway on Deck 14 near the Prego Pizzeria, all of which caused Plaintiff to sustain serious personal injuries.

9. Defendant had exclusive control of the vessel.

10. Defendant knew of the foregoing dangerous conditions causing Plaintiff's accident through prior similar incidents aboard the Vessel and/or other cruise ships in its fleet and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care and proper inspection and maintenance, knew of them or should have learned of them and corrected them and/or warned Plaintiff of them.

11. As a direct and proximate result of the incident alleged herein, Plaintiff was hurt and injured her health, strength and activity, suffered an open wound on her forehead requiring multiple stiches and resulting in permanent scarring and injury to her right leg and knee and suffered other severe injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering to the Plaintiff. Plaintiff is informed and believes, and thereupon alleges that some or all of her injuries will result in permanent damages, disability and pain and suffering and general damages to Plaintiff in an amount within the jurisdictional

requirement of this Court.

12.  As a further direct and proximate result of the incident alleged herein and the negligence, carelessness and the acts and omissions of Defendant, as hereinabove alleged, it was necessary for Plaintiff to receive medical care and treatment, and Plaintiff did sustain an expense for such medical treatment, care, medicines, and for other and further medical care. Plaintiff alleges the cost of the medical care and treatment and other special damages according to proof at trial.

13.  Plaintiff is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the incident alleged herein and the negligence, carelessness and the acts and omissions of Defendant, as hereinabove alleged, she will necessarily require additional medical care, medicines, and other and further medical attention in the future and will incur liability therefrom. The cost of further medical care and treatment is not known at this time, and Plaintiff alleges as damages the amount of such costs according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff ANA F. REYES prays for damages against Defendant as follows:

1. For general damages, according to proof;
2. For medical expenses, past and future according to proof;
3. For prejudgment interest;
4. For costs of suit; and
5. For other such relief as the Court may deem proper.

Dated: May 4, 2020        **LAW OFFICES OF AKSANA M. COONE**

By: /s/ Aksana M. Coone
Aksana M. Coone, Esq.
Attorneys for Plaintiff,
ANA F. REYES

## **DEMAND FOR JURY TRIAL**

Plaintiff, ANA F. REYES, hereby demands trial by jury of the above-captioned matter.

Dated: May 4, 2020      **LAW OFFICES OF AKSANA M. COONE**

By: */s/* Aksana M. Coone
Aksana M. Coone, Esq.
Attorneys for Plaintiff,
ANA F. REYES